IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | | |
|---|---|---|
| JAMES V. SWINNIE, | : | |
| | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 8:18-cv-00407-23AAS |
| | : | |
| SOCIAL SECURITY, | : | |
| | : | |
|     Defendant. | : | |
| _____/ | : | |

**DEFENDANT'S MOTION TO DISMISS**

Defendant, the Acting Commissioner of Social Security (Commissioner), moves the Court to dismiss Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) and 8(a).

Argument

I. Plaintiff's complaint

Plaintiff, who is proceeding *pro se*, filed a one-page document titled "Complaint" on February 16, 2018. (Doc. No. 1). The "Fact" section of Plaintiff's Complaint states that he was "drawing Social Security," but $30,368.05 was released as a garnishment. Doc. 1 at 1. Plaintiff further states he did not receive documents authorizing the garnishment. Doc. 1. at 1. In the "Negligence" section of Plaintiff's complaint, he complains that he did not receive documents that he requested. Doc. 1 at 1. However, Plaintiff's Complaint fails to describe the alleged garnishment with any specificity, and fails to identify documents allegedly requested by Plaintiff, or when and how any such request was made. Plaintiff's complaint does not clearly state what relief is being sought nor alleges a factual basis for relief. Accordingly, the complaint does not state a claim and fails to meet the pleading requirements of the federal rules.

1

II. Plaintiff has not satisfied the pleading requirements of Rule 8.

Federal Rule of Civil Procedure 8(a)(1) requires that a complaint include "a short and plain statement of the grounds for the court's jurisdiction." A complaint must also contain a short and plain statement of the claim showing that Plaintiff is entitled to relief. See Fed. R. Civ. P. 8(a)(2). "Although the complaint does not need detailed factual allegations, it must provide the grounds for relief, and 'requires more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action.'" Ferentinos v. Kissimmee Utility Authority, 604 F. App'x 808, 809 (11th Cir. 2015) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). The complaint must set forth "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570.

While the Court construes *pro se* filings liberally, Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008), a *pro se* party is nevertheless "subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989). The Court does not have "license to rewrite an otherwise deficient pleading." Osahar v. U.S. Postal Serv., 297 F. App'x 863, 864 (11th Cir. 2008) (citing GJR Invs., Inc. v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998)).

Plaintiff has failed to comply with Federal Rule of Civil Procedure 8(a). Plaintiff's Complaint does not include the grounds upon which this Court has jurisdiction over his claim and contains no information or facts regarding the basis of his claim. Under Rule 8, "'where a complaint fails to cite the statute conferring jurisdiction, the omission will not defeat jurisdiction if the facts alleged in the complaint satisfy the jurisdictional requirements of the statute.'" Lykins v. Pointer, Inc., 725 F.2d 645, 646 (11th Cir. 1984) (quoting Hildebrand v. Honeywell, Inc., 622 F.2d 179, 181 (5th Cir. 1980)). Plaintiff also failed to allege facts that could satisfy the

jurisdictional requirements of any provision of law discernable from the face of his Complaint. Moreover, Plaintiff's Complaint does not contain a statement showing that he is entitled to relief. Plaintiff's Complaint contains minimal facts and does not connect those facts to the Commissioner's actions or omissions and the elements of a cause of action. [1]

Neither the Commissioner nor the Court is required to search through Plaintiff's filings to find or construct a pleading that satisfies Rule 8. A district court has the power to dismiss a complaint that fails to comply with the requirements of Rule 8. See, e.g., Simmons v. Abruzzo, 49 F.3d 83, 86-87 (2nd Cir. 1995) ("When a complaint fails to comply with [the] requirements [of Rule 8], the district court has the power . . . to dismiss the complaint or to strike such parts as are redundant or immaterial."). Because the plaintiff's allegations are not sufficiently detailed to permit the defendant to frame a defense, the Complaint should be dismissed.

## Conclusion

For the foregoing reasons, the Commissioner respectfully requests that this Court dismiss Plaintiff's Complaint.

                                                                         Respectfully submitted,

                                                                         MARIA CHAPA LOPEZ
                                                                         UNITED STATES ATTORNEY

---

[1] As noted above, the Supreme Court requires plaintiffs to allege a facially plausible claim to survive a motion to dismiss. See Ashcroft v. Iqbal, 550 U.S. 662, 678 (2009). While the plaintiff in this case appears to take issue with a garnishment order, he does not allege any basis to question the validity of the order. To the extent that the plaintiff claims money damages from the Commissioner for honoring a facially valid garnishment order entered in another forum, this Court would lack jurisdiction to hear such a claim. See 42 U.S.C. § 659(f); United States v. Morton, 467 U.S. 822, 836 (1984); Dockery v. Comm'r, Case No. TDC-15-2650, 2016 WL 3087453 *2 (D. Md. June 1, 2016); McPherson v. Social Security Admin., Case No. 1:09-0063, 2010 WL 1609975 *1-2 (M.D. Tenn.), *report and recommendation adopted*, 2010 WL 1609676 (M.D. Tenn. April 20, 2010).

        /s/Lacy R. Harwell, Jr.
        Lacy R. Harwell, Jr.
        Assistant United States Attorney
        Florida Bar No. 714623
        United States Attorney's Office
        400 N. Tampa Street, Ste. 3200
        Tampa, Florida 33602
        Telephone:  813-274-6000
        Facsimile:  813-274-6200
        Randy.Harwell@usdoj.gov

Of Counsel for Defendant:

Christopher G. Harris, Chief Counsel, Region IV
John C. Stoner, Deputy Regional Chief Counsel
Selisa Wright, Branch Chief
Megan Gideon, Branch Chief
Jennifer L. Patel, Assistant Regional Counsel
Social Security Administration
Office of the General Counsel
Atlanta Federal Center
61 Forsyth Street, SW, Suite 20T45
Atlanta, Georgia 30303

## Certificate of Service

      I HEREBY CERTIFY that on October 17, 2018, I caused a true and correct copy of the foregoing to be filed using the Court's CM/ECF filing system, which will send an electronic notice of filing.

      I FURTHER HEREBY CERTIFY that on October 17, 2018, I caused a true and correct copy of the foregoing to be served via United States mail, first class postage prepaid, upon the following:

James Swinnie
8007 Moccasin Trail Drive
Riverview, FL  33578

        /s/Lacy R. Harwell, Jr.
        Lacy R. Harwell, Jr.
        Assistant United States Attorney