UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


JAMES V. SWINNIE,

      Plaintiff,

v.                                                                    CASE NO. 8:18-cv-407-T-23AAS

COMMISSIONER OF
SOCIAL SECURITY,

      Defendant.

_____/


## ORDER

     James V. Swinnie, appearing *pro se*, sues (Doc. 1) the Commissioner of Social Security for "negligence." The Commissioner moves (Doc. 22) to dismiss, and Swinnie moves (Doc. 23) for a default judgment because the Commissioner "has not provided the documents that the court order[ed] [the Commissioner] to provide."

     Under Rule 8(a)(2), Federal Rules of Civil Procedure, a complaint must "contain a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint must include sufficient factual allegations to support an inference of a plausible entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007). Swinnie's vague allegations of the Commissioner's failure to provide at Swinnie's request "documents authorizing . . . garnishments" fail to state a claim for "negligence" or otherwise. (Doc. 1)

The motion to dismiss (Doc. 22) is **GRANTED**.  Swinnie's complaint is **DISMISSED WITHOUT PREJUDICE**.  No later than **NOVEMBER 30, 2018**, Swinnie may amend the complaint.  The motion (Doc. 23) for a default judgment is **DENIED** for failure to comply with Rule 55, Federal Rules of Civil Procedure.

Litigation in federal court is difficult.  Litigation against the United States or its agencies or officers is a special form of litigation that is more demanding than usual.  In any case, litigation in federal court requires compliance with applicable laws and rules, including the Federal Rules of Civil Procedure and the Local Rules.  The plaintiff's complaint suffers from deficiencies, in addition to those mentioned in this order, that confirm that the plaintiff requires legal advice and assistance from a member of The Florida Bar in the formulation, presentation, and advancement of any claim.  The court cannot assist a party, even a *pro se* party, in conducting a case.  Therefore, the plaintiff is strongly advised to consult a member of The Florida Bar.

ORDERED in Tampa, Florida, on November 5, 2018.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

- 2 -