UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAMES V. SWINNIE,

    Plaintiff,

v.                                                   CASE NO. 8:18-cv-407-T-23AAS

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

**ORDER**

Appearing *pro se*, James V. Swinnie sues the Commissioner of Social Security for "fraud" and for "negligence." (Doc. 29) Swinnie appears to allege that the Social Security Administration — without a state court's authorization — garnished $30,368.05 from Swinnie's social security benefit to satisfy Swinnie's child support obligation.

A November 5, 2018 order (Doc. 24) granted the Commissioner's motion to dismiss (Doc. 22) and dismissed Swinnie's complaint (Doc. 1) with leave to amend. Swinnie timely amended the complaint (Doc. 25) and the Commissioner again moved (Doc. 27) to dismiss. Swinnie permissively amends the complaint (Doc. 29), and the Commissioner moves (Doc. 30) to dismiss the second amended complaint. Although Swinnie has moved three times (Docs. 31, 32, 36) for summary judgment and for a hearing, Swinnie fails to respond to the Commissioner's motion to dismiss.

The United States and its agencies enjoy sovereign immunity, which Congress must waive unequivocally before a plaintiff can sue. *Thacker v. Tenn. Valley Auth.*, 868 F.3d 979, 981 (11th Cir. 2007). Without a waiver of sovereign immunity, a court lacks jurisdiction. *Associacion de Emppieados del Area Canalera v. Panama Canal Com'n*, 453 F.3d 1309, 1315 (11th Cir. 2006) (citing *United States v. Mitchell*, 463 U.S. 206, 212 (1983)); *JBP Acquisitions, LP v. United States ex rel. FDIC*, 224 F.3d 1260, 1263–64 (11th Cir. 2000).

A plaintiff bears the burden to show that the United States waives sovereign immunity. *Zelaya v. United States*, 781 F.3d 1315, 1322 (11th Cir. 2015). Even after the Commissioner's second motion to dismiss (Doc. 27) asserted that Swinnie had shown no waiver of sovereign immunity, Swinnie's second amended complaint (Doc. 29) includes no attempt to show a waiver of sovereign immunity.

A district court need not grant a plaintiff leave to amend a complaint if amendment is futile. *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). The operative complaint (Doc. 29) is the third iteration of Swinnie's complaint in fourteen months. In that time, Swinnie has never attempted to show a waiver of sovereign immunity. Nor can he. The Federal Tort Claims Act, 28 U.S.C. § 1346(b), provides a limited waiver of the United States' sovereign immunity for injury "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." But under 28 U.S.C. § 2680(h), the United States expressly retains sovereign immunity for "any claim arising out of .

. . misrepresentation [or] deceit." The misrepresentation or deceit exception to the United States' waiver of sovereign immunity bars Swinnie's "fraud" claim. *United States v. Neustadt*, 366 U.S. 696, 702, 711 (1961). Further, 28 U.S.C. § 2675(a)[1] expressly conditions the United States' waiving sovereign immunity for a negligence claim on the plaintiff's first exhausting an administrative remedy. *Barnett v. Okeechobee Hosp.*, 283 F.3d 1232, 1237 (11th Cir. 2002) (concluding that dismissal of a complaint under Section 2675(a) for failure to exhaust the administrative remedy must be "pursuant to Rule 12(b)(1)[,] Federal Rules of Civil Procedure, and not pursuant to Rule 12(b)(6) because the administrative notice requirement of [Section] 2675(a) is jurisdictional and cannot be waived").[2] Swinnie's failure to exhaust the administrative remedy bars Swinnie's negligence claim.

Because Swinnie has not and cannot show a waiver of sovereign immunity, leave to amend is futile and unwarranted. The Commissioner's motion to dismiss (Doc. 30) is **GRANTED**, and Swinnie's second amended complaint (Doc. 29) is **DISMISSED WITH PREJUDICE**. The clerk is directed to terminate any pending

---

[1] Section 2675(a) states:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property . . . caused by the negligent or wrongful act or omission of any employee while acting withn the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall been finally denied by the agency . . . .

[2] *But see Rhodes v. United States*, 8:06-cv-17-T-23-MSS, 2007 WL 1173790, at *1 n.3 (M.D. Fla. Apr. 18, 2007) (Merryday, J.) (recording disagreement on whether a plaintiff's failure to exhaust the administrative remedy is jurisdictional).

motion and to **CLOSE** the case.  Also, because five of Swinnie's exhibits (Docs. 29-1, 29-2, 29-4, 29-6, 29-7) violate Rule 5.2, Federal Rules of Civil Procedure, by including social security numbers, birth dates, names of minors, and financial-account numbers, the clerk must **DELETE THE IMAGES** of these exhibits from the docket.

ORDERED in Tampa, Florida, on April 9, 2019.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE